IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:  
EDDIE B. BATES, JR.

BANKRUPTCY CASE NO. 25-00216-KMS

21st Mortgage Corporation, as successor to
United Community Bank (as successor to
Reliant/ Reliant Bank/ Reliant Bank MH)

**Movant**

vs.

Eddie B. Bates, Jr., Debtor and
David Rawlings, Trustee

**Respondents**

### MOTION FOR RELIEF FROM STAY AND FOR OTHER RELIEF

COMES NOW, 21st Mortgage Corporation, as successor to United Community Bank (as successor to Reliant/ Reliant Bank/ Reliant Bank MH)(hereinafter "21st Mortgage") brings this Motion for Relief from Stay and for Other Relief as follows:

1. On January 28, 2025, Eddie B. Bates, Jr. ("Debtor"), filed a petition for relief pursuant to Title 11 of the United States Code. This Court has jurisdiction over the parties and subject matter to this action pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 554, and 362. This is a core proceeding pursuant to 28 U.S.C. § 157 (b) (2) (A), (G) and (O).

2. On May 27, 2020, Debtor executed a Promissory Note and Consumer Security Agreement ("Note and Agreement") in the original principal amount of $65,069.21. A true and correct copy of said Note and Agreement is attached hereto and made a part hereof and marked Composite Exhibit "A". The Agreement and Note have been duly assigned to 21st Mortgage.

3. 21st is a secured creditor of Debtor and hold a valid, duly perfected security interest in Debtor's 2020 Champion manufactured home. Copies of documents supporting the debt and 21st's security interest are attached to this motion.

4. The Debtor's plan is two (2) months or more in arrears to the Trustee. 21st Mortgage is not receiving payments due under the Plan. The Debtor's plan has been confirmed.

5. 21st Mortgage has not received adequate protection as required by 11 U.S.C. §§ 361, 362 and 363. Additionally, there is no equity in the property for the benefit of the Debtor or the Estate.

6. 21st Mortgage's collateral is burdensome and of inconsequential value and benefit to the Estate.

7. 21st Mortgage incurred significant costs and expenses because of the actions of the Debtor and request reimbursement of these cost and expenses in the plan totaling $599.00.

**WHEREFORE, PREMISES CONSIDERED,** 21st Mortgage Corporation requests the Court terminate the automatic stay of 11 U.S.C. § 362 to allow 21st Mortgage to proceed to enforce its security interest and repossess and liquidate its collateral, to order abandonment 21st Mortgage's collateral pursuant to 11 U.S.C. § 554, and that the stay provisions of Rule 4001 of the Federal Rules of Bankruptcy Procedure not apply. 21st Mortgage further requests reimbursement of attorney fees and cost in the amount of $599.00 to be included in the Plan. In the alternative, the Court is requested to grant such other relief as is necessary under the circumstances.

**DATED:** June 2, 2025.

                          Respectfully submitted,

                          21st Mortgage Corporation

BY: _____
        Edward E. Lawler, Jr.
        Its Attorney

Edward E. Lawler, Jr., MSB No. 1095
Lawler Foreman PLLC
P.O. Box 2488
Ridgeland, MS 39158-2488
Telephone (601) 572-8778
Telefax (601) 572-8440
Email: elawler@lawlerforeman.com

## CERTIFICATE OF SERVICE

I certify that copies of the foregoing documents were served upon the following:

Thomas Carl Rollins, Jr.
Post Office Box 13767
Jackson, MS 39236

United States Trustee
501 East Court Street, Suite 6-430
Jackson, MS 39201

David Rawlings
Chapter 13 Trustee
Post Office Box 566
Hattiesburg, MS 39403

Eddie B. Bates, Jr.
4601 D County Farm Road
Liberty, MS 39645

by United States mail, postage prepaid, or by electronic notice, on June 2, 2025.

_____
Edward E. Lawler, Jr.

TFMTG-B1909