# PROMISSORY NOTE

| Principal | Loan Date | Maturity | | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $65,069.21 | 05-27-2020 | 06-02-2043 | | 140 | | 123 | |

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item. Any item above containing "***" has been omitted due to text length limitations.

**Borrower:** EDDIE B BATES JR
4601 COUNTY FARM RD
LIBERTY, MS 39645

**Lender:** RELIANT BANK
Specialized Lending
170 Market Place Blvd
Knoxville, TN 37922

---

**Principal Amount: $65,069.21** **Interest Rate: 9.340%** **Date of Note: May 27, 2020**

**PROMISE TO PAY.** I ("Borrower") promise to pay to RELIANT BANK ("Lender"), or order, in lawful money of the United States of America, the principal amount of Sixty-five Thousand Sixty-nine & 21/100 Dollars ($65,069.21), together with interest on the unpaid principal balance from May 27, 2020, calculated as described in the "INTEREST CALCULATION METHOD" paragraph using an interest rate of 9.340%, until paid in full. The interest rate may change under the terms and conditions of the "INTEREST AFTER DEFAULT" section.

**PAYMENT.** I will pay this loan in 275 payments of $574.91 each payment and an irregular last payment estimated at $577.66. My first payment is due July 2, 2020, and all subsequent payments are due on the same day of each month after that. My final payment will be due on June 2, 2043, and will be for all principal and all accrued interest not yet paid. Payments include principal and interest. Unless otherwise agreed or required by applicable law, payments will be applied first to any accrued unpaid interest as shown on the most recent statement or bill provided to me (if no statement or bill has been provided for any reason, it shall be applied to the unpaid interest accrued since the last payment); then to principal; then to any escrow or reserve account payments as required under any mortgage, deed of trust, or other security instrument or security agreement securing this Note; and then to any late charges. I will pay Lender at Lender's address shown above or at such other place as Lender may designate in writing.

**INTEREST CALCULATION METHOD.** Interest on this Note is computed on a 365/365 basis; that is, by applying the ratio of the interest rate over the number of days in a year (365 for all years, including leap years), multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding (but not including February 29 in leap years). All interest payable under this Note is computed using this method.

**PREPAYMENT.** I agree that all loan fees and other prepaid finance charges are earned fully as of the date of the loan and will not be refunded to me upon early payment (whether voluntary or as a result of default), except as otherwise required by law. Except for the foregoing, I may pay without penalty all or a portion of the amount owed earlier than it is due. Early payments will not, unless agreed to by Lender in writing, relieve me of my obligation to continue to make payments under the payment schedule. Rather, early payments will reduce the principal balance due and may result in my making fewer payments. I agree not to send Lender payments marked "paid in full", "without recourse", or similar language. If I send such a payment, Lender may accept it without losing any of Lender's rights under this Note, and I will remain obligated to pay any further amount owed to Lender. **All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to: RELIANT BANK, 101 CREEKSTONE BLVD, STE. 200 FRANKLIN, TN 37064.**

**LATE CHARGE.** If a payment is 15 days or more late, I will be charged **5.000% of the regularly scheduled payment.**

**INTEREST AFTER DEFAULT.** Upon maturity, whether scheduled or accelerated by Lender because of my default, the total sum due under this Note will continue to accrue interest at the interest rate under this Note.

**DEFAULT.** I will be in default under this Note if any of the following happen:

**Payment Default.** I fail to make any payment when due under this Note.

**Break Other Promises.** I break any promise made to Lender or fail to perform promptly at the time and strictly in the manner provided in this Note or in any agreement related to this Note, or in any other agreement or loan I have with Lender.

**False Statements.** Any representation or statement made or furnished to Lender by me or on my behalf under this Note or the related documents is false or misleading in any material respect, either now or at the time made or furnished.

**Death or Insolvency.** Any Borrower dies or becomes insolvent; a receiver is appointed for any part of my property; I make an assignment for the benefit of creditors; or any proceeding is commenced either by me or against me under any bankruptcy or insolvency laws.

**Taking of the Property.** Any creditor or governmental agency tries to take any of the property or any other of my property in which Lender has a lien. This includes taking of, garnishing of or levying on my accounts with Lender. However, if I dispute in good faith whether the claim on which the taking of the property is based is valid or reasonable, and if I give Lender written notice of the claim and furnish Lender with monies or a surety bond satisfactory to Lender to satisfy the claim, then this default provision will not apply.

**Defective Collateralization.** This Note or any of the related documents ceases to be in full force and effect (including failure of any collateral document to create a valid and perfected security interest or lien) at any time and for any reason.

**Collateral Damage or Loss.** Any collateral securing this Note is lost, stolen, substantially damaged or destroyed and the loss, theft, substantial damage or destruction is not covered by insurance.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any guarantor, endorser, surety, or accommodation party of any of the indebtedness or any guarantor, endorser, surety, or accommodation party dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any guaranty of the indebtedness evidenced by this Note.

**LENDER'S RIGHTS.** Upon default, Lender may declare the entire unpaid principal balance under this Note and all accrued unpaid interest immediately due, and then I will pay that amount.

**ATTORNEYS' FEES; EXPENSES.** Lender may hire or pay someone else to help collect this Note if I do not pay. I will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees, expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. If not prohibited by applicable law, I also will pay any court costs, in addition to all other sums provided by law.

**GOVERNING LAW. This Note will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Tennessee without regard to its conflicts of law provisions. This Note has been accepted by Lender in the State of Tennessee.**

**CHOICE OF VENUE.** If there is a lawsuit, I agree upon Lender's request to submit to the jurisdiction of the courts of Knox County, State of

EXHIBIT
"A"
tabbies



| Loan No: | PROMISSORY NOTE (Continued) | Page 2 |
|---|---|---|

Tennessee.

**DISHONORED ITEM FEE.** I will pay a fee to Lender of $31.00 if I make a payment on my loan and the check or preauthorized charge with which I pay is later dishonored.

**RIGHT OF SETOFF.** To the extent permitted by applicable law, Lender reserves a right of setoff in all my accounts with Lender (whether checking, savings, or some other account). This includes all accounts I may open in the future. However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law. I authorize Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on the indebtedness against any and all such accounts.

**COLLATERAL.** I acknowledge this Note is secured by the following collateral described in the security instrument listed herein:

(A) a Consumer Security Agreement dated May 27, 2020 made and executed between EDDIE B BATES JR and Lender on collateral described as a mobile home.

**SUCCESSOR INTERESTS.** The terms of this Note shall be binding upon me, and upon my heirs, personal representatives, successors and assigns, and shall inure to the benefit of Lender and its successors and assigns.

**USURY SAVINGS CLAUSE.** It is the intention of Lender and me to comply strictly with all applicable usury laws; and, accordingly, in no event and upon no contingency shall Lender ever be entitled to charge, receive, collect, or apply as interest any interest, fees, charges, or other payments equivalent to interest, in excess of the maximum rate which the Lender may lawfully charge under applicable state and federal statutes and laws from time to time in effect; and, in the event that Lender ever receives, collects, or applies as interest, any such excess, such amount which, but for this provision, would be excessive interest shall be applied to the reduction of the unpaid principal amount of the Note; and, if said principal amount and all lawful interest thereon is paid in full, any remaining excess shall be refunded to me. All interest paid or agreed to be paid shall, to the maximum extent permitted by applicable law, be amortized, prorated, allocated and spread throughout the full term of the loan, including any renewals, until payment in full of the principal. Any provision hereof, or of any other agreement between Lender and me, that operates to bind, obligate, or compel me to pay interest in excess of such maximum lawful contract rate shall be construed to require the payment of the maximum rate only. The provisions of this paragraph shall be given precedence over any other provision contained herein or in any other agreement between Lender and me that is in conflict with the provisions of this paragraph.

**NOTIFY US OF INACCURATE INFORMATION WE REPORT TO CONSUMER REPORTING AGENCIES.** I may notify Lender if Lender reports any inaccurate information about my account(s) to a consumer reporting agency. My written notice describing the specific inaccuracy(ies) should be sent to Lender at the following address: RELIANT BANK 1736 CAROTHERS PARKWAY, STE. 100 BRENTWOOD, TN 37027.

**GENERAL PROVISIONS.** If any part of this Note cannot be enforced, this fact will not affect the rest of the Note. Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them. I and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive presentment, demand for payment, and notice of dishonor. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party or guarantor or collateral; or impair, fail to realize upon or perfect Lender's security interest in the collateral. All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made. The obligations under this Note are joint and several. This means that the words "I", "me", and "my" mean each and all of the persons signing below.

PRIOR TO SIGNING THIS NOTE, I READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE. I AGREE TO THE TERMS OF THE NOTE.

I ACKNOWLEDGE RECEIPT OF A COMPLETED COPY OF THIS PROMISSORY NOTE.

BORROWER:

X *Eddie B Bates, Jr.* (signature)
EDDIE B BATES JR

---

**Originator Names and Nationwide Mortgage Licensing System and Registry IDs:**

Organization: RELIANT BANK        NMLSR ID: 527661

Individual: CARLOS ALEJANDRO PONZIO    NMLSR ID: 723199

LaserPro, Ver. 19.2.0.042 Copr. Finastra USA Corporation 1997, 2020. All Rights Reserved. - TN m:\CFI\LPL\D20.FC TR-31003 PR-110

# CONSUMER SECURITY AGREEMENT

| Principal | Loan Date | Maturity | | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $65,069.21 | 05-27-2020 | 06-02-2043 | | 140 | | 123 | |

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item. Any item above containing "***" has been omitted due to text length limitations.

**Grantor:** EDDIE B BATES JR
4601 COUNTY FARM RD
LIBERTY, MS 39645

**Lender:** RELIANT BANK
Specialized Lending
170 Market Place Blvd
Knoxville, TN 37922

THIS CONSUMER SECURITY AGREEMENT dated May 27, 2020, is entered into between EDDIE B BATES JR (referred to below as "I") and RELIANT BANK (referred to below as "Lender").

**GRANT OF SECURITY INTEREST.** To secure the Indebtedness described herein (including all obligations under the Note and this Agreement), I grant to Lender a security interest in all of the Property described below. I understand that the following statements set forth my responsibilities, as well as Lender's rights concerning the Property. I agree as follows:

**PROPERTY DESCRIPTION.** The word "Property" as used in this Agreement means the following described property in which I am giving to Lender a security interest for the payment of the Indebtedness and performance of all other obligations under the Note and this Agreement:

**2020 CHAMPION 16X82 MANUFACTURED HOME (Serial Number 021-000-H-A006331A)**
**Located at: 4601 COUNTY FARM RD**
**LIBERTY, MS 39645**

In addition, the word "Property" also includes all the following: any and all accessions, attachments, accessories, replacements of and additions to any of the property described herein (such as tires or batteries attached to a car, a motor attached to a boat, or appliances and fixtures attached to a mobile home), whether added now or later, together with all proceeds (including insurance proceeds and refunds of insurance premiums) if any, and sums due from a third party who has damaged or destroyed the Property or from that party's insurer, whether due to judgment, settlement or other process.

Despite any other provision of this Agreement, Lender is not granted, and will not have, a nonpurchase money security interest in household goods, to the extent such a security interest would be prohibited by applicable law. In addition, if because of the type of any Property, Lender is required to give a notice of the right to cancel under Truth in Lending for the Indebtedness, then Lender will not have a security interest in such Property unless and until such a notice is given.

**RIGHT OF SETOFF.** To the extent permitted by applicable law, Lender reserves a right of setoff in all my accounts with Lender (whether checking, savings, or some other account). This includes all accounts I hold jointly with someone else and all accounts I may open in the future. However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law. I authorize Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on the Indebtedness against any and all such accounts.

**REPRESENTATIONS AND PROMISES WITH RESPECT TO THE PROPERTY.** I represent and promise to Lender that:

**Ownership.** I am the lawful owner of the Property. The Property is free and clear of all loans, liens, security interests, mortgages, claims, and encumbrances except for those I have disclosed to Lender in writing prior to my signing this Agreement. I agree to defend Lender's rights in the Property against the claims and demands of all persons.

**Assumption.** If I or any prospective transferee applies to Lender for consent to a transfer, Lender may require such information concerning the prospective transferee as would normally be required from a new loan applicant.

**Location of the Property.** I agree to keep the Property at my address shown above unless Lender tells me I can move it. I will not do anything that requires applying for a certificate of title for the vehicle in another state. If I move from my address shown above to another location within the same state, I may move the Property to my new address, but only if I give Lender the new address in writing prior to my moving. In any event, I agree to keep Lender informed at all times of my current address.

**Maintenance and Insurance.** I will keep the Property in good condition and repair. If the Property is damaged, lost or stolen, I immediately will inform Lender. I will keep the Property fully insured against all loss or damage by fire, theft, collision, and such other hazards as Lender may require from time to time. The insurance will be on terms, including deductible provisions and endorsements, that are satisfactory to Lender, including stipulations that coverages will not be cancelled or diminished without at least ten (10) days prior written notice to Lender and not including any disclaimer of the insurer's liability for failure to give such notice. I understand I may obtain insurance from any insurance company I may choose that is reasonably acceptable to Lender (in its sole discretion Lender may refuse to accept flood insurance that is not purchased under the National Flood Insurance Program or does not meet the definition of "private flood insurance"). I will provide Lender with the original insurance policy, or other proof satisfactory to Lender of the insurance coverage, together with all endorsements required by Lender, including an endorsement naming Lender as the party to whom all losses will be paid. If Lender receives a refund of any insurance premiums, I agree that the refund is Property covered by this Agreement. Lender may apply the refund to payment of any of the Indebtedness. Any insurance policy which I deliver to Lender will be held to secure payment of the Indebtedness. Until all Indebtedness is paid in full, Lender is authorized, but shall not be required, to file any proof of loss, adjust any loss, receive and receipt for any sum payable, surrender any policy, discharge and release any insurer, endorse any loss or refund check or draft, and in general do in my name, or otherwise, any and all things with respect to the insurance or any insurance proceeds.

**Licensing and Governmental Regulations.** I agree to keep the Property licensed at all times as required by all applicable state and federal laws. In addition, I agree to pay when due all license fees, taxes and assessments relating to the Property or the use of the Property. I further agree that the Property will not be used for any unlawful purpose or in violation of any statute, law, ordinance, or regulation relating to the use, operation, or control of the Property.

**Inspection.** I agree that Lender or Lender's agents shall have the right from time to time to inspect the Property wherever located.

**Financing Statements.** I authorize Lender to file a UCC financing statement, or alternatively, a copy of this Agreement to perfect Lender's security interest. At Lender's request, I additionally agree to sign all other documents that are necessary to perfect, protect, and continue Lender's security interest in the Property. This includes making sure Lender is shown as the first and only security interest holder on the title covering the Property. I will pay all filing fees, title transfer fees, and other fees and costs involved unless prohibited by law or unless Lender is required by law to pay such fees and costs. I irrevocably appoint Lender as my attorney-in-fact to execute documents necessary to transfer title if there is a default. Lender may file a copy of this Agreement as a financing statement. I will promptly notify Lender of any change to my name or the name of any individual Grantor, any individual who is a partner for a Grantor, and any individual who is a trustee or settlor or trustor for a Grantor under this Agreement. I will also promptly notify Lender of any change to the name that appears on the

| Loan No: | CONSUMER SECURITY AGREEMENT (Continued) | Page 2 |
|---|---|---|

most recently issued, unexpired driver's license or state-issued identification card, any expiration of the most recently issued driver's license or state-issued identification card for me or any individual for whom I am required to provide notice regarding name changes.

**TAX AND INSURANCE RESERVES.** Subject to any limitations and consistent with any requirements set by applicable law, Lender may require me to maintain with Lender reserves for payment of annual taxes, assessments, and insurance premiums, which reserves shall be created by an initial deposit and subsequent monthly payments, or payments at such other interval as payments under the Note may be due, of a sum estimated by Lender to be sufficient to pay the total annual taxes, assessments, and insurance premiums Lender reasonably anticipates to be paid from these reserves. The reserve funds shall be held by Lender as a general deposit from me, which Lender may satisfy by payment of the taxes, assessments, and insurance premiums required to be paid by me as they become due. Lender shall have the right to draw upon the reserve funds to pay such items, and Lender shall not be required to determine the validity or accuracy of any item before paying it. Nothing in the Agreement shall be construed as requiring Lender to advance other monies for such purposes, and Lender shall not incur any liability for anything it may do or omit to do with respect to the reserve account. If Lender discovers that the payments into the reserve account have produced a surplus beyond the annual amounts due to be paid from the reserve funds by more than the cushion permitted by applicable law, but a payment on the Note has not been received within 30 days of the payment due date, Lender may retain the excess funds. All amounts in the reserve account are hereby pledged to further secure the Indebtedness, and Lender is hereby authorized to withdraw and apply such amounts on the Indebtedness upon the occurrence of an Event of Default. Lender shall not be required to pay any interest or earnings on the reserve funds unless required by law or agreed to by Lender in writing. Lender does not hold the reserve funds in trust for me, and Lender is not my agent for payment of the taxes and assessments required to be paid by me. If a security interest is also being granted to Lender in any real estate on which the Property is situated, then any provision relating to escrow or reserve accounts in the mortgage, deed of trust, or other real estate security instrument granting such interest has priority over this provision.

**LENDER'S EXPENDITURES.** If I fail (A) to keep the Property free of all taxes, liens, security interests, encumbrances, and other claims, (B) to provide any required insurance on the Property, or (C) to make repairs to the Property then Lender may do so. If any action or proceeding is commenced that would materially affect Lender's interests in the Property, then Lender on my behalf may, but is not required to, take any action that Lender believes to be appropriate to protect Lender's interests. All expenses incurred or paid by Lender for such purposes will then bear interest at the rate charged under the Note from the date incurred or paid by Lender to the date of repayment by me. All such expenses will become a part of the Indebtedness and, at Lender's option, will (A) be payable on demand; (B) be added to the balance of the Note and be apportioned among and be payable with any installment payments to become due during either (1) the term of any applicable insurance policy; or (2) the remaining term of the Note; or (C) be treated as a balloon payment which will be due and payable at the Note's maturity. The Agreement also will secure payment of these amounts. The rights provided for in this paragraph shall be in addition to any other rights or any remedies to which Lender may be entitled on account of any default. Any such action by Lender shall not be construed as curing the default so as to bar Lender from any remedy that it otherwise would have had.

**DEFAULT.** I will be in default if any of the following happens:

**Payment Default.** I fail to make any payment when due under the Indebtedness.

**Break Other Promises.** I break any promise made to Lender or fail to perform promptly at the time and strictly in the manner provided in this Agreement or in any agreement related to this Agreement.

**False Statements.** Any representation or statement made or furnished to Lender by me or on my behalf under this Agreement or the Related Documents is false or misleading in any material respect, either now or at the time made or furnished.

**Death or Insolvency.** I die or become incompetent or insolvent, a receiver is appointed for any part of my property, I make an assignment for the benefit of creditors, or any proceeding is commenced either by me or against me under any bankruptcy or insolvency laws.

**Taking of the Property.** Any creditor or governmental agency tries to take any of the Property or any other of my property in which Lender has a lien. This includes taking of, garnishing of or levying on my accounts with Lender. However, if I dispute in good faith whether the claim on which the taking of the Property is based is valid or reasonable, and if I give Lender written notice of the claim and furnish Lender with monies or a surety bond satisfactory to Lender to satisfy the claim, then this default provision will not apply.

**Defective Collateralization.** This Agreement or any of the Related Documents ceases to be in full force and effect (including failure of any collateral document to create a valid and perfected security interest or lien) at any time and for any reason.

**Property Damage or Loss.** The Property is lost, stolen, substantially damaged, sold, or borrowed against.

**Insecurity.** Lender in good faith believes itself insecure.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any guarantor, endorser, surety, or accommodation party of any of the Indebtedness or any guarantor, endorser, surety, or accommodation party dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any Guaranty of the Indebtedness.

**LENDER'S RIGHTS.** I may keep and use the Property so long as I am not in default under this Agreement. If I am in default, this is what Lender may do, in addition to any other rights Lender may have:

**Accelerate Indebtedness.** Lender may declare all Indebtedness immediately due and payable, without notice.

**Other Rights and Remedies.** In addition, Lender will have all the rights of a secured party under the Uniform Commercial Code and other applicable law. This means, among other rights, that Lender may enter upon the premises at the address shown above and take the Property peaceably and sell it. Lender may also, to the extent permitted by law, enter peaceably upon other premises for the purpose of retaking the Property, and I consent to such entry. If the Property contains any goods not covered by this Agreement at the time of repossession, I agree that Lender may take such goods, provided that Lender makes reasonable efforts to return them to me after repossession. If Lender asks me to do so, I will gather the Property and make it available to Lender at a place reasonably convenient to both Lender and me.

**Application of Proceeds.** If Lender sells the Property, Lender will apply the "net proceeds" of the sale to reduce the amount owed Lender. "Net proceeds" means the sale price less the expenses of repossession, repair, sale, and as provided below, attorneys' fees and other collection expenses. I agree that, to the extent permitted by law, I will owe Lender any difference between the amount of the Indebtedness and the net proceeds Lender receives from the sale of the Property.

**Notice.** Unless the Property threatens to decline speedily in value or is of a type customarily sold on a recognized market, Lender will give me, and other persons as required by law, reasonable notice of the time and place of any public sale or of the time after which any private sale or any other intended disposition of the Property is to be made. The requirements of reasonable notice shall be met if such notice is given at least ten (10) days before the time of the sale or disposition, except as otherwise required by applicable law.

**MISCELLANEOUS PROVISIONS.** The following miscellaneous provisions are a part of this Agreement:

**Amendments and Interpretation.** (1) What is written in this Agreement is my entire agreement with Lender concerning the Property. This

Agreement may not be changed except by another written agreement between us. (2) If more than one person signs below, our obligations are joint and several. This means that the words "I," "me," and "my" mean each and every person or entity signing this Agreement, and that, if Lender brings a lawsuit, Lender may sue any one or more of us. I also understand Lender need not sue Borrower first, and that Borrower need not be joined in any lawsuit. (3) The names given to paragraphs or sections in this Agreement are for convenience purposes only. They are not to be used to interpret or define the provisions of this Agreement. (4) I agree that this Agreement is the most reliable evidence of my agreements with Lender.

**Attorneys' Fees; Expenses.** I agree to pay all of Lender's costs and expenses, including Lender's attorneys' fees and Lender's legal expenses, incurred in connection with the enforcement of this Agreement. Lender may hire or pay someone else to help enforce this Agreement or to collect the Indebtedness, and I shall pay the costs and expenses of such enforcement. Costs and expenses include Lender's attorneys' fees and legal expenses whether or not there is a lawsuit, including attorneys' fees and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services. I also shall pay all court costs, in addition to all other sums provided by law. This Agreement also secures all of these amounts.

**Caption Headings.** Caption headings in this Agreement are for convenience purposes only and are not to be used to interpret or define the provisions of this Agreement.

**Governing Law.** With respect to procedural matters related to the perfection and enforcement of Lender's rights against the Property, this Agreement will be governed by federal law applicable to Lender and to the extent not preempted by federal law, the laws of the State of Mississippi. In all other respects, this Agreement will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Tennessee without regard to its conflicts of law provisions. However, if there ever is a question about whether any provision of this Agreement is valid or enforceable, the provision that is questioned will be governed by whichever state or federal law would find the provision to be valid and enforceable. The loan transaction that is evidenced by the Note and this Agreement has been applied for, considered, approved and made, and all necessary loan documents have been accepted by Lender in the State of Tennessee.

**Choice of Venue.** If there is a lawsuit, I agree upon Lender's request to submit to the jurisdiction of the courts of Knox County, State of Tennessee.

**Notices.** Any notice required to be given under this Agreement shall be given in writing, and shall be effective when actually delivered, when actually received by telefacsimile (unless otherwise required by law), when deposited with a nationally recognized overnight courier, or, if mailed, when deposited in the United States mail, as first class, certified or registered mail postage prepaid, directed to the addresses shown near the beginning of this Agreement. Any person may change his or her address for notices under this Agreement by giving formal written notice to the other person or persons, specifying that the purpose of the notice is to change the person's address. For notice purposes, I agree to keep Lender informed at all times of my current address. Unless otherwise provided or required by law, if there is more than one Grantor, any notice given by Lender to any Grantor is deemed to be notice given to all Grantors. It will be my responsibility to tell the others of the notice from Lender.

**No Waiver by Lender.** I understand Lender will not give up any of Lender's rights under this Agreement unless Lender does so in writing. The fact that Lender delays or omits to exercise any right will not mean that Lender has given up that right. If Lender does agree in writing to give up one of Lender's rights, that does not mean I will not have to comply with the other provisions of this Agreement. I also understand that if Lender does consent to a request, that does not mean that I will not have to get Lender's consent again if the situation happens again. I further understand that just because Lender consents to one or more of my requests, that does not mean Lender will be required to consent to any of my future requests. I waive presentment, demand for payment, protest, and notice of dishonor.

**Severability.** If a court finds that any provision of this Agreement is not valid or should not be enforced, that fact by itself will not mean that the rest of this Agreement will not be valid or enforced. Therefore, a court will enforce the rest of the provisions of this Agreement even if a provision of this Agreement may be found to be invalid or unenforceable.

**Successors and Assigns.** Subject to any limitations stated in this Agreement on transfer of my interest, this Agreement shall be binding upon and inure to the benefit of the parties, their successors and assigns. If ownership of the Property becomes vested in a person other than me, Lender, without notice to me, may deal with my successors with reference to this Agreement and the Indebtedness by way of forbearance or extension without releasing me from the obligations of this Agreement or liability under the Indebtedness.

**Time is of the Essence.** Time is of the essence in the performance of this Agreement.

**DEFINITIONS.** The following words shall have the following meanings when used in this Agreement:

**Agreement.** The word "Agreement" means this Consumer Security Agreement, as this Consumer Security Agreement may be amended or modified from time to time, together with all exhibits and schedules attached to this Consumer Security Agreement from time to time.

**Borrower.** The word "Borrower" means EDDIE B BATES JR and includes all co-signers and co-makers signing the Note and all their successors and assigns.

**Event of Default.** The words "Event of Default" mean any of the events of default set forth in this Agreement in the default section of this Agreement.

**Grantor.** The word "Grantor" means EDDIE B BATES JR.

**Guaranty.** The word "Guaranty" means the guaranty from guarantor, endorser, surety, or accommodation party to Lender, including without limitation a guaranty of all or part of the Note.

**Indebtedness.** The word "Indebtedness" means the indebtedness evidenced by the Note or Related Documents, including all principal and interest together with all other indebtedness and costs and expenses for which I am responsible under this Agreement or under any of the Related Documents.

**Lender.** The word "Lender" means RELIANT BANK, its successors and assigns. The words "successors or assigns" mean any person or company that acquires any interest in the Note.

**Note.** The word "Note" means the note or credit agreement dated May 27, 2020, in the principal amount of $65,069.21 from EDDIE B BATES JR to Lender, together with all renewals of, extensions of, modifications of, refinancings of, consolidations of and substitutions for the note or credit agreement.

**Property.** The word "Property" means all of my right, title and interest in and to all the Property as described in the "Property Description" section of this Agreement.

**Related Documents.** The words "Related Documents" mean all promissory notes, credit agreements, loan agreements, environmental agreements, guaranties, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments,

| Loan No: | CONSUMER SECURITY AGREEMENT (Continued) | Page 4 |

agreements and documents, whether now or hereafter existing, executed in connection with the Indebtedness.

I HAVE READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS CONSUMER SECURITY AGREEMENT AND AGREE TO ITS TERMS. THIS AGREEMENT IS DATED MAY 27, 2020.

GRANTOR:

X *[signature: Eddie B. Bates, Jr]*
EDDIE B BATES JR

Originator Names and Nationwide Mortgage Licensing System and Registry IDs:

Organization: RELIANT BANK          NMLSR ID: 527661

Individual: CARLOS ALEJANDRO PONZIO          NMLSR ID: 723199

LaserPro, Ver. 19.2.0.042 Copr. Finastra USA Corporation 1997, 2020. All Rights Reserved. - MS/TN m:\CFI\LPL\E30.FC TR-31003 PR-110

# CERTIFICATE OF TITLE

## STATE OF MISSISSIPPI

**ORIGINAL**

Form # 79-001

| VEHICLE IDENTIFICATION NUMBER | MAKE | YEAR | MODEL | BODY | TITLE NUMBER | TITLE TEXT (E.G. UNIT #) |
|---|---|---|---|---|---|---|
| 021000HA006331A | CHMN | 2020 | RASN1612 | HS | MS1965175296 | |

| TITLE DATE | DATE OF FIRST SALE FOR USE NEW ONLY | NO. CYL | NEW/USED | TYPE OF VEHICLE | ODOMETER - NO TENTHS |
|---|---|---|---|---|---|
| 06/16/2020 | 05/27/2020 | | NEW | MH | EXEMPT |

**OWNER(S)**

BATES, EDDIE B JR
4601 COUNTY FARM RD
LIBERTY MS 39645-8118

**BRANDS**

**1ST LIENHOLDER**

RELIANT BANK
170 MARKET PLACE BLVD
KNOXVILLE TN 37922-2337

DATE: 05/27/2020

**2ND LIENHOLDER**

DATE:

**MAIL TO**

RELIANT BANK
170 MARKET PLACE BLVD
KNOXVILLE TN 37922-2337

M208-1



LIEN SATISFACTION: THE UNDERSIGNED HOLDER OF ABOVE DESCRIBED LIEN(S) ON THE MOTOR VEHICLE DESCRIBED HEREON HEREBY ACKNOWLEDGES SATISFACTION THEREOF.

1ST LIEN _____ BY _____
                    (LIENHOLDER)                              (SIGNATURE AND TITLE)
THIS _____ DAY OF _____ 20____

2ND LIEN _____ BY _____
                    (LIENHOLDER)                              (SIGNATURE AND TITLE)
THIS _____ DAY OF _____ 20____

IN WITNESS WHEREOF I HAVE HEREUNTO SET MY HAND THIS

THE 16TH DAY OF JUNE 20 20

The Mississippi Department of Revenue hereby certifies that on application duly made, the person named herein is registered by this office as the lawful owner of the vehicle described subject to the liens or security interests as may subsequently be filed with the Mississippi Department of Revenue. This certificate of title is issued pursuant to the Mississippi Motor Vehicle Title Law Section 63-21-1, Mississippi Code of 1972, and subject to the provisions thereof.

CONTROL NUMBER

O 02245704

MISSISSIPPI DEPARTMENT OF REVENUE

*Herb Frierson*

**VOID IF ALTERED**